PHILIP CASE *v.* GEORGE P. RIKER.

Lottery tickets, sold in another State where the sale is legal, by a citizen of that State to a citizen of this State, may be sued for and recovered here, though the vendor knew such tickets were designed to be sold, by the purchaser, in this State, but not knowing that the sale of such tickets here was prohibited by our laws.

THIS was an action of assumpsit upon the following case stated ;—

At the time of the sale of the tickets, herein after mentioned, the plaintiff was, and still is, a citizen and resident of the State of Rhode Island, and the defendant was, and still is, a citizen and resident of this State. In the year 1836, the defendant, at various times, purchased tickets of the plaintiff, by writing to him at Providence, R. I., by mail, ordering lottery tickets in a lottery granted to the plaintiff for the benefit of schools, under an act of that State. The tickets were ordered to be sent by mail. The plaintiff answered these orders and, from time to time, delivered tickets, issued under the act aforesaid, to the defendant, by depositing such tickets in the post-office at Providence, under cover of letters, directed to the defendant, at Montpelier, Vt. where the defendant resided at that time. Those letters were received by the defendant, with their contents, at the post-office at said Montpelier, they having been conveyed to him by mail. The defendant made various remittances to the plaintiff, in payment for said tickets, through the medium of th⁻ mail, which were received at Providence aforesaid, by the plaintiff. A balance of $180 is still due to the plaintiff, for tickets thus sold the defendant, which balance the defendant, by a letter written in 1836, addressed to the plaintiff at Providence, and sent by mail from Montpelier, admitted to be due, and promised to pay the same. The plaintiff, at the several times of the sale and delivery of the said tickets, was duly authorized by the laws of Rhode Island to make such sales, and to recover for the same. It is further agreed that the plaintiff knew, when he sold and enclosed said lottery tickets to the defendant, that the said defendant purchased them to sell in this State, and it is agreed that said tickets were sold in this State, by the defendant.

The county court, upon these facts, rendered a judgment for the defendant, to which the plaintiff excepted.

OF THE STATE OF VERMONT.

*L. B. Peck*, for plaintiff.

WASHINGTON,
*March*,
1838.

Case
*v.*
Riker.

1. The contract was consummated in Rhode Island. The depositing of the tickets in the Providence post office was a delivery to the defendant, and they were then at his risk.

2. The contract is valid, by the laws of Rhode Island, where it was made and where it was to be executed, and, upon principles of national comity, it forms a legitimate ground of action in the courts of this state. *Holman* v. *Johnson*, 1 Cowper, 344. *Waymell* v. *Reed et al.* 3 Term R. 599. *Smith* v. *Brown et al.* 2 Salk. 666. *Smith* v. *Gould*, 2 do. 666. *Madrazo* v. *Willes*, 3 Barn. & Ald. 353. *Medway* v. *Medham*, 16 Mass. 157. *Winthrop* v. *Carleton*, 12 id. 4. *Phelps* v. *Kent*, 4 Day's R. 96. *Conframp* v. *Bunel*, 4 Dallas, 419. *Udall* v. *Metclalf*, 5 N. H. R. 396.

3. Our statute does not, in terms, declare a contract for the sale of foreign lottery tickets void, but merely imposes a penalty on any person who shall sell tickets in this state. Does a statute merely imposing a *penalty* for the doing an act, on the performance whereof the contract is founded, render the contract invalid? It may be well doubted whether a statute of this character can have such an operation. *Johnson* v. *Hudson*, 11 East, 180. 2 Camp. 144.

If it has this effect, then are all contracts for the sale of flour in barrels, without inspection,—of goods by a pedlar, or of spirits by a retailer, without being licensed, invalid, and no action can be sustained on such contracts, as penalties are imposed in all such cases.

*W. Upham* and *A. Spaulding*, for defendant.

I. The sale of lottery tickets, except such as are issued by or under the authority of this state, is prohibited under a heavy penalty, and made an indictable offence. Vide Statute 273, No. 4.

II. Every contract made for, or about any matter or thing, which is prohibited or made unlawful by any statute, is a void contract, though the statute itself does not declare it to be so, but only inflicts a penalty upon the offender. A penalty implies a prohibition, though there be no prohibitory words in the statute. Per Holt, C. J., Carth. 251. Comyn on Con. 38. 1 Binn. 110. 4 N. H. R. 285.

III. The sale of the tickets was not completed until their

delivery here. Consequently, this must be considered the place of sale. *Mucklow* v. *Mangles*, 1 Taunt. 318. *Greenwood* v. *Curtis*, 6 Mass. R. 358.

IV. If the contract is to be considered as having been made in Rhode Island, it will not be enforced in this state;—

1. If our citizens would suffer any inconvenience by giving it effect;—

2. If the consideration of the contract be immoral, and giving it effect would have a bad tendency;—

3. If the contract, sought to be enforced, is prohibited by a positive statute of the state. Story's conflict of laws, 203, 204, 271, 208, 209, 213, 214. 2 Kent's Com. 454, 458. and n. b. 461. *Blanchard* v. *Russell*, 13 Mass. 6. *Prentiss et al.* v. *Savage*, 13 Mass. 20. *Pearsall* v. *Dwight et al.* 2 Mass. 84, 89. *Varnum* v. *Camp*, 1 Green's New Jersey, R. 326. *Greenwood* v. *Curtis*, 6 Mass. R. 358, 378. *Forbs* v. *Cochrane*, 2 Barn. & Cress. 448. Com. L. R. 138, 149. *Springfield Bank* v. *Merrick et al.* 14 Mass. 322. 326. *Wheeler* v. *Russell*, 17 Mass. 258. *Dwight et al.* v. *Brewster et al.* 1 Pick. 50, 54 and 55. *Clugas* v. *Penaluna.* 4 T. R. 466. *Waymel* v. *Reed*, 5 do. 599. *Mitchell* v. *Cockburne*, 2 H. Blk. 37. *Ribbans* v. *Crickett*, 1 Bos. & Pul. 264. *Low* v. *Hodson*, 11 East, 300. *Holman* v. *Johnson.* 1 Cowper, 343. *Lowry* v. *Bourdieu*, Doug. 468, 470. *Morck* v. *Abel*, 3 Bos. & Pul. 35. *Shiffner* v. *Gordon et al.* 12 East, 296, 304. *Russell* v. *DeGrand*, 15 Mass. 35, 39. *Briggs et al.* v. *Lawrence*, 3 T. 454. *Udall* v. *Metcalf*, 5 N. H. R. 396. *Roby* v. *West*, 4 N. H. R. 285. *Hunt* v. *Knickerbocker*, 5 Johns. 327. 2 Gall. 560. *Williams* v. *Woodman*, 8 Pick. 78. 9 Com. L. R. 149.

The opinion of the Court was delivered by

Collamer, J.—This was an action of assumpsit, to recover for lottery tickets. The facts are stated by the parties. The sale of foreign lottery tickets in this state, being forbidden by statute, under severe penalties, the question is, whether the pay can be recovered here for tickets sold in another state, to be brought into this state for sale.

The defendant ordered the tickets sent by mail; and they were so sent from Rhode Island. This was a sale and delivery in Rhode Island. The title in the tickets vested in

the defendant when mailed, as much as if delivered to. the defendant personally there ; and the plaintiff's debt then became perfect. This was there a legal contract ; for that state must be their own judges, and make their own laws to regulate their own police and morals. The same sale made there between two of their own citizens would be enforced here. Indeed, the sale of lottery tickets here, in a lottery here granted would be legal. This, then, is not a case calling on the court to inquire into the exceptions to the *lex loci contractus.*

But the case shows, that these tickets were there sold to a citizen of this state, and sent into this state by the plaintiff, he knowing they were intended to be here sold ; and it is insisted, that a man cannot recover for furnishing another with the means of breaking the law. Courts will never aid a man to recover pay, for aiding another to break the law of the country, to which the court belongs. On this point, it is immaterial *where* the contract was made. If a man sell another arsenic, knowing he intends therewith to commit murder, he cannot recover for it ; and I think this extends to all breaches of law, and includes as well *mala prohibita* as *mala in se.*

" This defence, that is, that the contract was immoral or illegal, sounds very ill in the mouth of the defendant," says Lord Mansfield. (Cowp. 343.) " It is not for his sake it is allowed," but on' general policy. What then is this policy, and on what principle does it rest ? " The principle of public policy is this, *ex dolo malo non oritur actio.*" Eyre, C. J., *Lightfoot* v. *Tenant*, 1 Bos. & Pul. 554. It is obvious, therefore, that to bring the case within the principle, the plaintiff must *know* that the articles sold are to be used *contrary to* law, or he cannot be said to act in *bad faith.* In this case, the plaintiff lived in Rhode Island, and sold the tickets there, agreeably to the law of that state. He *knew* the tickets were to be sold here, but it does not appear he knew such a sale was illegal here ; and he cannot be presumed to know the prohibitory laws of another government, on a subject not immoral in its nature. He was guilty, then, of no turpitude, and so not within the principle. Again, this defence is founded in the principle " *in pari delicto potior est conditio defendentis.* But are the present parties

WASHINGTON,
March,
1838.

Case
v.
Riker.

in *pari delicto*, the defendant *knowingly* breaking our laws, the plaintiff acting in good faith, not knowing any law was to be broken? Again, the plaintiff made a sale, legal where made, and he did nothing to violate our law; for the sending or bringing these tickets in this state was no breach of the statute. In the case of *Holman* v. *Johnson*, Cowper, 341., it was holden that a sale of goods, even with a knowledge that they were about to be *smuggled*, that is, that the law was to be violated in a foreign country, was legal. Most clearly then, a sale, without a knowledge that the law was to be violated, must be valid.

Judgment of the county court reversed.